NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3753
_____

UNITED STATES OF AMERICA

v.

JOHN MICHAEL CRIM, a/k/a Red

John Michael Crim,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-06-cr-00658-001)
District Judge:  Honorable Anita B. Brody
_____

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2014

Before:  AMBRO, HARDIMAN and GREENAWAY, JR., *Circuit Judges*.

(Filed: January 16, 2014)
_____

OPINION
_____

HARDIMAN, *Circuit Judge*.

John M. Crim appeals an order of the District Court resentencing him. For the reasons that follow, we will affirm.

I

Because we write primarily for the parties, who are well acquainted with the case, we recite only the facts and procedural history essential to our decision.

Crim and his co-defendants sold and serviced a variety of trust packages which they pitched to their clients as tax-avoidance opportunities. Crim was tried and convicted by a jury on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and one count of interference with the administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a). The District Court sentenced Crim to 96 months' imprisonment on both counts, to run concurrently, and three years of supervised release. The District Court also ordered a special assessment of $200, a fine of $175,000, and restitution of $17,242,806.57. The restitution figure represented the total loss amount from the scheme, and the District Court held Crim jointly and severally liable so his responsibility for restitution would decrease as his co-defendants and their clients made payments.

Crim appealed his sentence to this Court and we vacated it for two reasons. First, the District Court sentenced Crim to a 96-month term of incarceration instead of sentencing him separately on each count of the indictment. *United States v. Crim*, 451 F.

App'x 196, 209 (3d Cir. 2011). Second, the restitution order was deficient because the District Court failed to consider Crim's financial situation and never set the manner and schedule of payments, *id.* at 210, as required by the Mandatory Victims Restitution Act. *See* 18 U.S.C. § 3664(f)(2).

On remand, the District Court sentenced Crim to 60 months' imprisonment on the conspiracy charge and 36 months' imprisonment on the interference charge, to run consecutively, for a total of 96 months' imprisonment. The District Court also considered the fact that Crim will make only $100 per year during his period of incarceration and ordered him to pay annual restitution at that amount. Crim filed this timely appeal.[1]

## II

## A

Crim claims his sentence violated the Ex Post Facto Clause of the United States Constitution, which states: "No bill of attainder or ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3. This Clause proscribes laws that change a punishment and inflict a greater punishment than the standards in effect when the crime was committed. *Peugh v. United States*, 133 S.Ct. 2072, 2077–78 (2013) (quoting *Calder v. Bull*, 3 U.S. 386, 390 (1798)).

After Crim's conviction, Congress passed the Firearm Excise Tax Improvement

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Act of 2010. Among other things, the law authorizes the IRS to use its administrative powers to collect on criminal restitution when the Government is the victim by treating the criminal restitution as a tax. *See* 26 U.S.C. § 6201(a)(4). Before 2010, the IRS could receive restitution payments like any other victim entitled to criminal restitution but it lacked the authority to actively collect restitution. Because the IRS lacked this authority when Crim participated in the conspiracy, he claims this subsection is an unconstitutional ex post facto law as applied to him.

Crim's argument is best described as contingent and premature, touching as it does on an enforcement mechanism that the IRS has not yet employed to collect the restitution Crim owes to the United States. If the IRS chooses to use this power against Crim, he may challenge its legality at that time. Nothing in the restitution order before us implicates the IRS's collection authority under 26 U.S.C. § 6201(a)(4).

B

Crim next claims the District Court's decision to hold him responsible for the full loss to the Government at the initial sentencing was clearly erroneous and that it abused its discretion by ordering the same $17,242,806.57 in restitution at resentencing. Under 18 U.S.C. § 3664(h), the court may make each defendant liable for the full amount of restitution or it may apportion liability among the defendants. In the first sentencing proceeding, the District Court held Crim jointly and severally liable for the full amount of loss to the United States. Accordingly, his restitution liability would be decreased by the

payments collected by the IRS from his co-defendants and former clients. During the resentencing hearing, the District Court noted that the IRS's calculations showed that the balance on the original $17,242,806.57 restitution order was now $3,782,358.11. Crim contends the District Court should have exercised its discretion to apportion liability because it knew the IRS had already collected some of the money.

The District Court did not abuse its discretion by re-entering the same restitution award. In fact, it lacked any discretion at all on this question in light of our remand order, which explicitly instructed the District Court to do two things: (1) impose a sentence on each of Crim's convictions and (2) set the *manner* and *schedule* for restitution payments after consideration of Crim's economic circumstances. Our remand did not disturb the joint and several liability component of Crim's restitution order. Indeed, our limited vacatur of the first sentencing order foreclosed the possibility that the District Court might revisit its decision to hold Crim liable for the full amount of harm to the Government. *See Casey v. Planned Parenthood of Se. Pa.*, 14 F.3d 848, 860 (3d Cir. 1994). Had the District Court instead decided to apportion restitution, it would have exceeded our mandate that it only set the schedule for restitution payments.[2]

_____

[2] For that same reason, the District Court correctly held it could not consider Crim's motion to preclude double recovery and to apportion restitution per 18 U.S.C. § 3664 or his motion to declare the Firearm Excise Tax Improvement Act of 2010 unconstitutional as applied in violation of the Ex Post Facto Clause. Crim's motion to apportion restitution sought to revisit the District Court's decision during the first sentencing to hold Crim jointly and severally liable for the restitution, which as discussed, it lacked the authority to do. Crim's motion for an ex ante limitation on the IRS's

In sum, the District Court complied with our mandate to enter individual custodial sentences on Crim's two convictions and to set a schedule for restitution payments after considering his economic circumstances. We find no merit in Crim's arguments on appeal from this resentencing, which go beyond the limited issues we remanded to the District Court.

III

For the reasons stated, we will affirm the District Court's order.

---

enforcement powers under the Firearm Excise Tax Improvement Act of 2010 was also beyond our mandate to the District Court.