NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1694
_____

UNITED STATES OF AMERICA

v.

JOHN MICHAEL CRIM,
AKA RED

John Michael Crim,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-06-cr-00658-001)
District Judge:  Honorable Anita B. Brody
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 30, 2016

Before: AMBRO, SMITH, [1] and FISHER, *Circuit Judges*.

(Filed: October 21, 2016)
_____

OPINION[2]
_____

---

[1] Honorable D. Brooks Smith, United States Circuit Judge for the Third Circuit, assumed Chief Judge status on October 1, 2016.
   [2] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, *Circuit Judge*.

John Michael Crim appeals an order of the District Court denying his motion to declare the implementation of the Firearms Excise Tax Improvement Act of 2010 unconstitutional as applied to him. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Crim cofounded a company that sold and serviced trusts that assisted clients in unlawfully hiding their income and assets from the Internal Revenue Service ("IRS"). On January 28, 2008, a jury in the Eastern District of Pennsylvania convicted Crim and two codefendants of one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and one count of interference with the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). The District Court sentenced Crim to 96 months' imprisonment on both counts, to run concurrently, followed by three years of supervised released. The District Court ordered Crim to pay a $175,000 fine, a $200 special assessment, and restitution in the amount of $17,242,806.57. The restitution order represented the entire tax loss associated with the conspiracy and was to be paid jointly and severally by Crim and certain codefendants.

This Court affirmed Crim's conviction but vacated his sentence and remanded for resentencing.[3] We concluded that the District Court improperly imposed a single 96-month term of imprisonment on both counts, rather than sentencing Crim separately on each count.[4] We also held that the District Court failed to take into account Crim's economic circumstances or set forth the manner and schedule of restitution payments, as required by 18 U.S.C. §§ 3572(d)(1) and 3664(f)(2).[5]

After Crim's conviction and first sentencing, but before his resentencing, Congress passed the Firearm Excise Tax Improvement Act of 2010 ("FETIA").[6] By treating criminal restitution as a tax, FETIA authorizes the IRS to use its administrative powers to collect on criminal restitution orders when the Government is the victim.[7] Before FETIA, the IRS could receive restitution payments like any other victim, but it lacked the authority to actively collect restitution. FETIA applies to all restitution orders entered after August 16, 2010.[8]

On remand, Crim moved to declare FETIA unconstitutional. He argued that FETIA's retroactive application to his conviction violated the *Ex Post Facto* Clause of

---

[3] *United States v. Crim*, 451 F. App'x 196 (3d Cir. 2011).
[4] *Id.* at 209.
[5] *Id.* at 210.
[6] Pub. L. No. 111-237, 124 Stat. 2497.
[7] *See* 26 U.S.C. § 6201(a)(4)(A) ("The Secretary [of the Treasury] shall assess and collect the amount of restitution under an order" to pay restitution "for failure to pay any tax imposed under [the Internal Revenue Code] in the same manner as if such amount were such tax.").
[8] *See id.* § 6201 note.

the United States Constitution.[9] The District Court denied Crim's motion as beyond the scope of our remand. On September 24, 2012, the District Court resentenced Crim to 60 months' imprisonment on the conspiracy count and 36 months' imprisonment on the interference count, to run consecutively. The court once again ordered Crim to pay $17,242,806.57 in restitution, jointly and severally with certain codefendants. Taking into account Crim's economic circumstances, the District Court directed Crim to make annual restitution payments of $100 during his incarceration.

This Court affirmed the District Court's resentencing of Crim.[10] In rejecting Crim's *ex post facto* claim, we explained:

> Crim's argument is best described as contingent and premature, touching as it does on an enforcement mechanism that the IRS has not yet employed to collect the restitution Crim owes to the United States. If the IRS chooses to use this power against Crim, he may challenge its legality at that time. Nothing in the restitution order before us implicates the IRS's collection authority under 26 U.S.C. § 6201(a)(4).[11]

Crim subsequently received a letter issued by the IRS on October 22, 2015, stating that $122,625.51 of the more than $17 million owed in restitution had been collected to date.[12] Crim then filed a motion in the District Court to stay the restitution order pursuant

---

[9] U.S. Const. art. I, § 9, cl. 3 ("No bill of attainder or ex post facto law shall be passed."). The Clause proscribes, among other things, "every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Peugh v. United States*, 133 S. Ct. 2072, 2078 (2013) (brackets omitted) (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798)).

[10] *United States v. Crim*, 553 F. App'x 170 (3d Cir. 2014).

[11] *Id.* at 172.

[12] J.A. 140-41.

4

to Federal Rule of Criminal Procedure 38(e)(2) and declare FETIA unconstitutional as applied to him.[13]

The District Court denied Crim's motion.[14] Rule 38(e)(2), the court reasoned, "does not provide a mechanism for challenging restitution."[15] It further held that, even assuming Rule 38(e)(2) could provide a procedural basis for Crim to challenge the restitution order, he failed to "produce any evidence that the IRS is exercising its powers under the FETIA to assess and collect the restitution that Crim owes the Government."[16] The documents provided by Crim, the court observed, "have no bearing on any alleged effort by the IRS to collect on the restitution."[17] Because Crim's *ex post facto* argument remained "contingent and premature,"[18] the District Court declined to address it.

Crim timely appealed.

## II.

The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's

---

[13] J.A. 131-41.

[14] J.A. 1-5.

[15] J.A. 4.

[16] *Id.*

[17] J.A. 5. On January 18, 2016, the IRS issued four notices of intent to levy Crim's state tax refund or other property and apply it to unpaid taxes he owed from 2000 to 2003. Crim provided these notices to the District Court in a supplemental motion. Dist. Ct. ECF No. 982. The District Court did not use Crim's unpaid taxes to calculate his restitution amount (J.A. 5), and Crim does not reference those notices in this appeal.

[18] J.A. 5 (quoting *Crim*, 553 F. App'x at 172).

interpretation of the meaning and reach of a Federal Rule of Criminal Procedure is plenary.[19]

### III.

We agree with the District Court that Rule 38(e)(2) does not offer Crim a procedural mechanism to challenge the restitution order. Rule 38(e)(2) provides that a court "may issue any order reasonably necessary to ensure compliance with a restitution order … after disposition of an appeal."[20] Among the orders a court may issue are a restraining order and an injunction.[21] The plain text of Rule 38(e)(2) speaks to a court's authority to ensure compliance with existing restitution orders, not to entertain challenges to their underlying legality. Crim cites to us no authority, and we are aware of none, stating that an individual subject to a restitution order can utilize Rule 38(e)(2) to challenge that order. This case is not a fit occasion to travel into uncharted waters.

We need go no further. Since Rule 38(e)(2) does not provide Crim a procedural mechanism to challenge the restitution order, we do not opine on the sufficiency of the evidence Crim submitted to the District Court. Crim's *ex post facto* argument may or may not remain "contingent and premature,"[22] but the procedural route Crim took to raise that argument prevents us from considering it.

---

[19] *United States v. Maury*, 695 F.3d 227, 251 (3d Cir. 2012).
[20] Fed. R. Crim. P. 38(e)(2).
[21] Fed. R. Crim. P. 38(e)(2)(A)-(B).
[22] *Crim*, 553 F. App'x at 172

IV.

For the reasons set forth above, we will affirm the District Court's order.